UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

MICHAEL HUNTER                                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 5:17-CV-P32-TBR

RICKY PARNELL et al.                                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, Michael Hunter, proceeding *pro se* and *in forma pauperis*, initiated this

42 U.S.C. § 1983 action.  This matter is before the Court for screening pursuant to 28 U.S.C.

§ 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other*

*grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following reasons, the complaint will be

dismissed in part and allowed to continue in part.

## I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate currently housed at the Kentucky State Reformatory

(KSR).  His complaint concerns incidents occurring while he was housed at the Fulton County

Jail.  He sues in their individual and official capacities Fulton County Jailer Ricky Parnell,

Fulton County Jail Captain Daniel Thomas, and Department of Public Advocacy (DPA) attorney

Margot Merrill.

Plaintiff alleges that Defendants Parnell and Thomas brought contraband, including a cell

phone and tobacco, into the jail and gave them to Plaintiff.  He states that he obtained a body

camera and started recording "everything they did."  Plaintiff states that, thereafter, Defendant

Thomas called him into his office where he held a loaded gun to Plaintiff's head and threatened

to kill Plaintiff "if he did not keep his mouth shut."  He states that after this incident, Defendants

Parnell and Thomas "paid other inmate to assault or beat the living hell out me," causing him extreme emotional distress.

Plaintiff also states that unnamed jail guards failed to properly supervise the jail, allowing the assault by other inmates to occur and failed to provide Plaintiff with medical assistance. He also alleges: "All defendant's recklessness, failure to properly train and manage jail guards or medical care of the county of Fulton . . . and failure to adequately supervise and protect Hunter from acts complained of cause the deprivation of Hunter rights."

Plaintiff alleges that, after the assault, two Fulton County Jail guards came to Plaintiff to help him escape because they were afraid that Defendants Parnell and Thomas were planning to kill him. He states that he was on the run for three days until he was caught and that escape charges were filed against him leading to a five-year sentence, which he is now serving.

Plaintiff alleges that medical care at Fulton County Jail was inadequate and that medical records were not used to assist diagnoses. He states that he often had to "beg" for basic medical care. He states that the Fulton County Jail had numerous insects and that he had to sleep on the floor or a table due to overcrowding. He alleges that his mat was inadequate and unsanitary and the floor was dirty. He also alleges that there was inadequate ventilation or fresh air.

Plaintiff further alleges that Defendant Thomas, in addition to threatening him with a gun, put him in segregation; denied him proper food, hygiene material, and medical care; and intercepted legal papers in retaliation. He further alleges that Defendant Thomas committed the torts of intentional infliction of emotional distress and assault and battery.

Plaintiff alleges that Defendant Merrill, his attorney in the criminal case regarding his escape, would not listen to him regarding his reasons for escape and that he could not get a fair trial because she was in a relationship with a Commonwealth's Attorney. He alleges that the

trial court violated his due process rights by improperly admitting hearsay statements and by not allowing the defense attorney to question prosecution witnesses regarding bias and credibility. He also alleges that he was denied effective assistance of counsel in a number of ways.

As relief, Plaintiff asks for a declaration that Defendants violated his constitutional rights; injunctive relief in the form of ordering Defendants to drop the escape charges and release him from prison and for Defendants Parnell and Thomas to "cease their violence and threats toward Plaintiff"; and compensatory and punitive damages.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Injunctive and declaratory relief*

Because Plaintiff has been transferred away from the Fulton County Jail, his claims for injunctive and declaratory relief are moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."). These claims, therefore, will be dismissed.

*Claims against Defendant Merrill*

The complaint identifies Defendant Merrill as a DPA attorney who defended him in the criminal case involving the escape charge. Plaintiff does not state a claim against his defense attorney under § 1983. It is firmly established that a defense attorney, regardless of whether she is a public defender or private attorney, is not a state actor for purposes of § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff's claims against Defendant Merrill will be dismissed.

*Claims related to his escape conviction*

Plaintiff alleges that he was denied effective assistance of counsel in a number of ways relating to his escape conviction and that the trial court violated his due process rights by improperly admitting hearsay statements and by not allowing the defense attorney to question prosecution witnesses regarding bias and credibility. These claims must be brought in a petition

for writ of habeas corpus, not in the instant § 1983 action.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  These claims will be dismissed without prejudice.

### *Claims related to conditions of confinement*

Plaintiff alleges that medical care at Fulton County Jail was inadequate, that medical records were not used to assist diagnoses, and that he often had to "beg" for basic medical care. First, he does not identify who was responsible for these alleged deficiencies.  More importantly, however, these allegations do not support a § 1983 claim.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotations marks and citation omitted).  The deliberate indifference standard requires a prisoner plaintiff to show that Defendants acted with a reckless disregard of a known risk of serious harm to the prisoner.  *Farmer v. Brennan*, 511 U.S. 825, 836 (1994).  A plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care.  *See Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002).

Here, Plaintiff alleges no facts to show that Defendants acted with deliberate indifference or intentionally acted to cause him injury or pain with respect to his medical care.  His complaint is simply devoid of any facts regarding his medical condition, his medical treatment or lack thereof, or any deliberate or intentional conduct by Defendants.  Such conclusory allegations are insufficient to state a civil rights claim.  *See, e.g.*, *Leon v. Fed. Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir. 1987).

Nor has Plaintiff alleged that he suffered any actual physical injury resulting from inadequate medical care at the Fulton County Jail.  *See Horn by Parks v. Madison Cty. Fiscal*

*Court*, 22 F.3d 653, 659 (6th Cir. 1994) (noting that "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury"); 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . . ."). For an Eighth Amendment claim to proceed requires a physical injury that is at least more than *de minimis*. *Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003). Therefore, these claims must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also states that the Fulton County Jail had numerous insects and that he had to sleep on the floor or a table due to overcrowding. He alleges that his mat was inadequate and unsanitary and the floor was dirty. He also alleges that there was inadequate ventilation or fresh air.

Once again, Plaintiff does not explain who was responsible for these alleged deficiencies at the Fulton County Jail. In any event, the conditions described – insects, having to sleep on the floor/table, an unsanitary mat, a dirty floor, and inadequate ventilation -- fail to state a constitutional violation. *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) ("In the absence of evidence that a prisoner suffered a physical injury, the deprivation of a mattress and bedding for a fixed period of time does not violate the Eighth Amendment."); *Jones v. Toombs*, No. 95-1395, 1996 WL 67750, at *1 (6th Cir. Feb.15, 1996) (two-week deprivation of a mattress is not a constitutional violation); *Brodak v. Nichols*, No 97-1688, 1998 WL553032, at *1 (6th Cir. Aug. 17, 1998); *Taylor v. Luttrell*, No. 06-2522-AN/V, 2008 WL 4065927, at *9 (W.D. Tenn. Aug. 27, 2008) ("With respect to Plaintiff's claims about the inadequate ventilation in his cell, dust, occasional insects, and various plumbing malfunctions, there is no allegation that

Plaintiff has suffered more than ordinary discomfort, which does not rise to the level of an Eighth Amendment violation."); *Mackey v. Carberry*, No. 2:07-cv-43, 2007 WL 2479296, at *5 (W.D. Mich. Aug. 28, 2007) (dismissing claim of poor ventilation in prison and lack of access to proper cleaning supplies); *Geder v. Godinez*, 875 F. Supp. 1334, 1341 (N.D. Ill. 1995) (allegations of unsanitary conditions, "including the presence of defective pipes, sinks, and toilets, improperly-cleaned showers, a broken intercom system, stained mattresses, accumulated dust and dirt, and infestation by roaches and rats," not sufficiently serious to satisfy the objective component of an Eighth Amendment violation).  Nor has Plaintiff made the required allegations that he suffered any physical injury resulting from these conditions.  *See Horn v. Madison Cty. Fiscal Court*, 22 F.3d at 659; § 1997e(e).  For these reasons, these claims must be dismissed for failure to state a claim upon which relief may be granted.

***Official-capacity claims against Defendants Parnell and Thomas***

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Defendants Parnell and Thomas are (or were at the pertinent time) employees of Fulton County.

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, Plaintiff's claim against Defendants Parnell and Thomas in their official capacities is actually brought against the Fulton County government.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Fulton County, the Court must consider not only whether Plaintiff's harm was caused by a constitutional violation but also if the

municipality is responsible for that violation.  *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992).  "[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. at 326 (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").  Here, Plaintiff alleges that Defendants Parnell and Thomas failed to properly train the jail guards with regard to protecting

Plaintiff's safety from other inmates.  The Court will allow that official-capacity claim to go forward against Defendants Parnell and Thomas.

***Individual-capacity claims against Defendants Parnell and Thomas***

The Court will allow the individual-capacity claims against Defendant Thomas related to threatening him with a gun and retaliating against him and the individual-capacity claims against Defendants Thomas and Parnell related to paying other inmates to assault Plaintiff to go forward. The Court also will allow the state law tort claims against Defendant Thomas to continue.

### III. <u>CONCLUSION AND ORDER</u>

For the foregoing reasons,

**IT IS ORDERED** that the claims for injunctive and declaratory relief, the claims against Defendant Margot Merrill, and the claims related to his conditions of confinement are **DISMISSED** for failure to state a claim for which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims related to his escape conviction are **DISMISSED without prejudice** because they must be brought in a petition for writ of habeas corpus.

The Clerk of Court is **DIRECTED** to terminate Margot Merrill as a Defendant to this action.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the remaining claims, *i.e.*, the official-capacity claims against Defendants Parnell and Thomas for failure to train to protect Plaintiff from assault; the individual-capacity claims against Defendants Parnell and Thomas related to paying other inmates to assault Plaintiff; the individual-capacity claims against Defendant Thomas related to threatening him

with a gun and retaliating against him; and Plaintiff's state law tort claims against Defendant

Thomas.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Fulton County Attorney
4413.009