UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CASE NUMBER: 5:17-CV-P32-TBR

MICHAEL HUNTER                                                                                    PLAINTIFF

VS.

RICKY PARNELL

FULTON COUNTY DEPUTY JAILER DANIEL THOMAS

AND

FULTON COUNTY FISCAL COURT                                                          DEFENDANTS

Serve:   Rick Major
         Fulton County Attorney
         203 East Moulton Street
         Hickman, KY 42050-1313

### FIRST AMENDED COMPLAINT

      For his Complaint, the plaintiff, Michael Hunter, by and through counsel, and for his First Amended Complaint, states and alleges as follows:

### PARTIES

      1.     The plaintiff, Michael Hunter, is currently an inmate in the Kentucky Department of Corrections. His address is Kentucky State Reformatory, 3001 West Highway 146, LaGrange, Kentucky 40032

      2.     The defendant, Ricky Parnell, was the Fulton County Jailer. His last known address is FPC Montgomery, Maxwell Air Force Base, Montgomery, AL 36112.

3. The defendant, Fulton County Deputy Jailer Daniel Thomas, is or was an employee of the Fulton County Detention Center. His last known address is 2010 South 7th Street, Hickman, Kentucky, 42050

4. The defendant, Fulton County, Kentucky, is a governmental entity. It is represented by the Fulton County Attorney and can be served at 203 Moulton Street, Hickman, Kentucky 42050-1313.

## JURISDICTION AND VENUE

5. Jurisdiction and venue are proper in the United States District Court for the Western District of Kentucky pursuant to 42 USC § 1983, 28 USC § 1343, and 20 USC § 1331.

## FACTS

6. Plaintiff, Michael Hunter was an inmate housed at the Fulton County Jail in Fulton, KY between February, 2016 until July, 2016.

7. The defendants, Ricky Parnell and Daniel Thomas, acting alone or in complicity with each other, provided plaintiff with an AT&T cell phone.

8. Defendants, Ricky Parnell and Daniel Thomas, acting alone or in complicity with each other, also provided plaintiff with tobacco and various other contraband to be distributed amongst the inmates in the jail at their direction.

9. At some point in June, 2016, plaintiff obtained a body camera and recorded the actions of the defendants, Ricky Parnell and Daniel Thomas.

10. The defendant, Daniel Thomas, learned that he had been recorded on the bodycam.

11. Upon learning that he had been recorded on the bodycam, defendant, Daniel Thomas, called the plaintiff into his office, held a loaded gun to his head, and threatened to kill him if he told anybody about the activities described herein.

12. Following that, the defendants, Ricky Parnell and Daniel Thomas, acting alone or in complicity with each other, paid and/or rewarded other inmates to assault the plaintiff, Michael Hunter. This continued until Michael Hunter escaped from the Fulton County Jail with the assistance of other deputy jailers.

## 42 USC § 1983
## DEPRIVATION OF EIGHTH AMENDMENT RIGHTS

13. The plaintiff incorporates paragraphs 1-12 above as if fully set out herein.

14. The Eighth Amendment to the United States Constitution states, "Excessive bail not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

15. The defendants, and all of them, violated Michael Hunter's Eighth Amendment Rights when they, acting alone or in complicity with each other, threatened to kill Michael Hunter and/or conspired with other persons to physically assault him.

16. As a direct result of the defendants' actions in depriving Michael Hunter of his Eighth Amendment Rights, he has suffered bodily injury, extreme emotional distress, and has been damaged thereby.

## 42 USC § 1983
## DEPRIVATION OF FOURTEENTH AMENDMENT RIGHTS

17. The plaintiff incorporates paragraphs 1-16 above as if fully set out herein.

18. The Fourteenth Amendment to the United States Constitution states, in part:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

19. The defendants, and all of them, violated Michael Hunter's Fourteenth Amendment Rights when they, acting alone or in complicity with each other, threatened to kill Michael Hunter and/or conspired with other persons to physically assault him.

20. As a direct result of the defendants' actions in depriving Michael Hunter of his Fourteenth Amendment Rights, he has suffered bodily injury, extreme emotional distress, and has been damaged thereby.

## VIOLATION OF RIGHTS PROVIDED BY
## KENTUCKY CONSTITUTION SECTION 17

21. The plaintiff incorporates paragraphs 1-20 above as if fully set out herein.

22. Kentucky Constitution Section 17 states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishment inflicted."

23. The defendants, and all of them, deprived Michael Hunter of the protections afforded him by the Kentucky Constitution, Section 17 when they, acting alone or in complicity with each other, caused Michael Hunter to be assaulted and threatened him with a loaded gun.

24. As a direct result of the defendants' actions in depriving Michael Hunter of protections afforded him by the Kentucky Constitution, Section 17, he has suffered bodily injury, extreme emotional distress, and has been damaged thereby.

## VIOLATION OF KRS 71.020

25. The plaintiff incorporates paragraphs 1-24 above as if fully set out herein.

26. KRS 71.020 states:

> Each jailer shall have the custody, rule and charge of the jail in his county and of all persons in the jail and shall keep the same himself or by his deputy or deputies. Where the jail admits the residence of the same therein he or one (1) of his deputies may reside in the jail.

27. The defendants, and all of them, were responsible for the custody of inmates, such as Michael Hunter.

28. The defendants, and all of them, violated KRS 71.020 when they allowed harm to occur to inmate Michael Hunter while he was in their custody.

29. As a direct result to the violation of KRS 71.020, the defendants, and all of them, are responsible for the damages to Michael Hunter.

## VIOLATION OF KRS 71.040

30. The plaintiff incorporates paragraphs 1-29 above as if fully set out herein.

31. KRS 71.040 states:

> At the time of booking, the jailer shall receive and keep in the jail all persons who are lawfully committed thereto, until they are lawfully discharged, unless the person is in need of emergency medical attention, in which case the arresting officer shall obtain medical attention for the person prior to delivery to the jail. The jailer shall treat them humanely and furnish them with proper food and lodging during their confinement. He shall deliver those who die in jail to their friends, if requested, or have decently buried at the expense of the county.

32. The defendants, and all of them, violated KRS 71.040 when they allowed harm to occur to inmate Michael Hunter while he was in their custody.

33. As a direct result to the violation of KRS 71.040, the defendants, and all of them, are responsible for the damages to Michael Hunter.

## VIOLATION OF KRS 71.060

34. The plaintiff incorporates paragraphs 1-33 above as if fully set out herein.

35. KRS 71.060 states:

> (1) The jailer shall be liable on his official bond for the conduct of his deputies. The deputies shall have all the powers and be subject to the same penalties as the jailer.
>
> (2) The jailer shall be responsible for the appointment and removal of jail personnel, and the jailer may dismiss his deputies at any time with cause. The number of jail personnel shall be set by fiscal court in the jail budget. The

> fiscal court shall establish education and training requirements as permitted by regulations adopted pursuant to KRS 441.055.

36. The defendant, Ricky Parnell, is liable for his deputy, Daniel Thomas', actions in threatening Michael Hunter by holding a loaded gun to his head and promising to kill him.

37. In accordance with KRS 71.060, Ricky Parnell is responsible for the malfeasance of his deputies and injuries caused to Michael Hunter by their malfeasance.

## VIOLATION OF KRS 441.025

38. The plaintiff incorporates paragraphs 1-37 above as if fully set out herein.

39. KRS 441.025, titled, County Responsibility for Incarceration of Prisoners, states:

> (1) The fiscal court of each county shall provide for the incarceration of prisoners arrested in the county or sentenced or held by order of the courts in the county.
>
> (2) The fiscal court shall provide for the incarceration of prisoners by:
>
> > (a) Providing and maintaining a facility that complies with KRS 441.055;
> >
> > (b) Providing and maintaining a safe, secure, and clean jail in the county; or that complies with the health and life safety standards defined in KRS 441.055;
> >
> > (c) 1. Contracting with another county or a city for the incarceration and care of its prisoners; and

> 2. Providing for the transportation of prisoners, as provided for in KRS 441.505 and 441.510 including the provision of vehicles, drivers, and guards.
>
> (2) Nothing in this section shall prohibit a county from providing facilities for holding prisoners for limited periods of time and contracting with another county or a city for longer periods of incarceration.
>
> (3) Any county may enter into an agreement pursuant to KRS 65.210 to 65.300 to provide or to use jail facilities.

40.     The Fulton County Fiscal Court, Kentucky violated KRS 441.025 when it failed to provide and maintain a safe, secure, and clean jail for Michael Hunter.

41.     As a result of its violation of KRS 441.025, the Fulton County Fiscal Court, Kentucky is responsible for Michael Hunter's injuries.

## VICARIOUS LIABILITY/ RESPONDEAT SUPERIOR

42.     The plaintiff incorporates paragraphs 1-41 above as if fully set out herein.

43.     Between February, 2016 and July, 2016, the defendants, Ricky Parnell and Daniel Thomas conspired to cause bodily harm against the person of Michael Hunter either themselves or through other parties.

44.     The defendants, Ricky Parnell and Daniel Thomas, refused to provide a safe environment and took steps to actively endanger the plaintiff, Michael Hunter, while he was an inmate in their custody.

45. Ricky Parnell was responsible for the conduct of his deputies, but failed to intercede.

46. The Fulton County Fiscal Court, Kentucky is responsible for the oversight of the Fulton County Detention Center.

47. Both Ricky Parnell and Fulton County, KY are responsible for the maleficence of the deputies at the Fulton County Detention Center.

WHEREFORE, having stated his Amended Complaint, the plaintiff demands as follows:

1. Damages against the defendants, and all of them, for bodily injury suffered as a result of the defendant's actions as described here and above;

2. Punitive damages, and amounts sufficient to deter future conduct as described herein above;

3. Damages to compensate plaintiff for the violation of his constitutional and statutory rights which were violated as described herein above;

4. For his costs incurred, including a reasonable attorney's fee;

5. For trial by jury and all issues so triable;

6. For any other relief, whether sounding in law or equity, to which he may appear entitled.

Respectfully submitted

BOEHL STOPHER & GRAVES, LLP


 /s W. Lucas McCall_____
Edwin A. Jones
W. Lucas McCall
410 Broadway
Paducah, Kentucky  42001
(270) 442-4369
(270) 442-4689 (facsimile)
ejones@bsgpad.com
lmccall@bsgpad.com
*ATTORNEYS FOR PLAINTIFF*
*MICHAEL HUNTER*