UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:17-CV-00032-TBR-LLK

MICHAEL HUNTER                                                                                    PLAINTIFFS

v.

RICKY PARNELL, *et al*.                                                                          DEFENDANTS

**OPINION AND ORDER**

Senior Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for ruling on all discovery motions. (Docket # 28). Plaintiff, Michael Hunter, filed a Response in Reference to Objections and requests that the Court compel Defendant Daniel Thomas to provide responses to written discovery. (Docket # 47). Defendant Thomas filed a Response to Plaintiff's Motion, which treats the document as a motion to compel. (Docket # 52). For the reasons detailed below, Plaintiff's Motion is granted in part and denied in part. (Docket # 47).

**Background**

Plaintiff is a convicted inmate currently housed at the Luther Luckett Correctional Complex. His Amended Complaint concerns incidents occurring while he was housed at the Fulton County Jail.

Plaintiff alleges that while he was an inmate in Fulton County Jail, Defendant Thomas and Defendant Ricky Parnell provided him with tobacco, a cellphone, and other various contraband. (Docket # 26). In June 2016, Plaintiff obtained a body cam and recorded the actions of Defendant Thomas and Defendant Parnell. (*Id.*). Plaintiff alleges that after Defendant Thomas learned that he had been recorded on Plaintiff's bodycam, he called Plaintiff into his office, held a loaded gun to his head, and threatened to kill Plaintiff if he told anyone about his activities. (*Id.*).

Defendant Thomas denies and/or asserts that he is without knowledge or information for most of the allegations. (Docket # 29). However, Defendant Thomas admits that Plaintiff obtained a body camera and asserts that he is without knowledge or information to confirm that Plaintiff recorded the actions of Defendant Parnell and himself. (*Id.*).

Plaintiff brought suit against the Defendants under 42 U.S.C. § 1983 alleging violations of the Eighth Amendment[1], the Fourteenth Amendment[2], Section 17 of the Kentucky Constitution[3], Kentucky Revised Statute ("KRS") 71.020[4], KRS 71.040[5], KRS 71.060[6], and KRS 441.025[7]. (Docket # 26). Plaintiff has served and Defendant Thomas has responded to formal interrogatories. (Docket # 52-1).

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Eight Amendment.

[2] "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Fourteenth Amendment.

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishment inflicted." Section 17 of Kentucky Constitution.

[4] "Each jailer shall have the custody, rule and charge of the jail in his county and of all persons in the jail and shall keep the same himself or by his deputy or deputies. Where the jail admits the residence of the same therein he or one (1) of his deputies may reside in the jail." KRS 71.020.

[5] "At the time of booking, the jailer shall receive and keep in the jail all persons who are lawfully committed thereto, until they are lawfully discharged, unless the person is in need of emergency medical attention, in which case the arresting officer shall obtain medical attention for the person prior to delivery to the jail. The jailer shall treat them humanely and furnish them with proper food and lodging during their confinement. He shall deliver those who die in jail to their friends, if requested, or have them decently buried at the expense of the county." KRS 71.040.

[6] "(1) The jailer shall be liable on his official bond for the conduct of his deputies. The deputies shall have all the powers and be subject to the same penalties as the jailer.
(2) The jailer shall be responsible for the appointment and removal of jail personnel, and the jailer may dismiss his deputies at any time with cause. The number of jail personnel shall be set by the fiscal court in the jail budget. The fiscal court shall establish education and training requirements as permitted by regulations adopted pursuant to KRS 441.055." KRS 71.060.

[7] (1) The fiscal court of each county shall provide for the incarceration of prisoners arrested in the county or sentenced or held by order of the courts in the county.
(2) The fiscal court shall provide for the incarceration of prisoners by:
(a) Providing and maintaining a facility that complies with KRS 441.055;
(b) Providing and maintaining a safe, secure, and clean jail in the county; or that complies with the health and life safety standards defined in KRS 441.055;
(c) 1. Contracting with another county or a city for the incarceration and care of its prisoners; and
2. Providing for the transportation of prisoners, as provided for in KRS 441.505 and 441.510 including the provision of vehicles, drivers, and guards…." KRS 441.025

## Legal Standard

Federal Rule of Civil Procedure 37 provides enforcement mechanisms for Federal Rules of Civil Procedure 33 and 34. According to Rule 37, if a party does not respond to an interrogatory or to a request for production, the party requesting the discovery may move the court to compel the opposing party to respond. FED. R. CIV. P. 37(a)(2)(B). An evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond. FED. R. CIV. P. 37(a)(3). A motion to compel may only be made if the non-moving party failed to answer or respond to a proper discovery request. *Id*.

Federal Rule of Civil Procedure 26(b)(1) is the touchstone for the scope of civil discovery. *Pogue v. NorthWestern Mut. Life Ins. Co.*, No. 3:14-CV-598-CRS, 2017 WL 3044763, at *4 (W.D. Ky. July 18, 2017). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…Information within the scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). Actions alleging violations of § 1983 require especially broad discovery. *Lamarr v. Jackson*, 3:14-CV-32, 2015 WL 2401390, at *1 (N.D.W. Va. May 20, 2015) (citations omitted); *see also Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 128 (N.D.N.Y.1984) ("Federal policy favors broad discovery in civil rights actions."). The Court has wide discretion when dealing with discovery matters, including whether information might be relevant. *Pogue*, No. 3:14-CV-598-CRS, 2017 WL 3044763, at *5.

## Interrogatory Nos. 2, 5, and 10

Interrogatory Nos. 2, 5, and 10 request personal financial information, such as tax records W-2 for 2015 through 2016 (Interrogatory No. 2), records showing property owned and any and all debts (Interrogatory No. 5), and proof of filings for bankruptcy (Interrogatory No. 10). (Docket

# 52-1). Defendant Thomas objected to these requests as not relevant or reasonably calculated to lead to the discovery of admissible evidence. (*Id*.). Plaintiff argues that Defendant Thomas' tax information is relevant to confirm that certain conversations occurred between Plaintiff and Defendant Thomas regarding Defendant Thomas' financial distress, and to show that Defendant Thomas is earning income from another job/employment. (Docket # 47). Furthermore, Plaintiff argues that any proof of bankruptcy will support his claim that Defendant Thomas told Plaintiff that without more income, he could not pay his bills.

Defendant Thomas emphasizes that he was a guard when Plaintiff was an inmate, and that Plaintiff's claims focus on Defendant Thomas and other inmates threatening and assaulting him. (Docket # 52). Defendant Thomas asserts that inmates constantly make these sorts of allegations against jail guards and corrections officers, and that if an inmate gains access to a guard's financial information every time he claims abuse, it would open every prison guard to harassment and potentially blackmail from the inmate who gained the information. (*Id*.). Defendant Thomas contends that the benefit, if any, of allowing an inmate to have his tax returns is outweighed by the risks of an inmate being given a window into his own guard's sensitive financial information. (*Id*.).

Although there is no federal common law privilege akin to the right of privacy, federal courts generally treat financial information as private. *Del Campo v. Am. Corrective Counseling Servs., Inc.*, 2008 WL 2038047, at *5 (N.D. Cal. May 9, 2008) (citations omitted); *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) ("Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests.")).

Additionally, "[i]t is well-settled in the Sixth Circuit that tax returns are not privileged from disclosure." *Queen v. City of Bowling Green*, No. 1:16CV-00131-JHM, 2017 WL 4355689, at *7 (W.D. Ky. Sep. 28, 2017) (citations omitted). However, a judicial consensus exists that, as a matter

4

of public policy, caution should be exercised in ordering the disclosure of tax returns. *Id*. (citations omitted). Therefore, the appropriate analysis is whether the tax returns are relevant to the claim or defense of any party. *UPS Co. v. DNJ Logistic Grp., Inc.*, No. 3:16-CV-00609-GNS, 2018 WL 3199475, at *15 (W.D. Ky. Apr. 16, 2018) (citing *Queen*, 2017 WL 4355689, at *7).

The Court notes that Defendant Thomas cites no authority to support his proposition that a guard's "sensitive financial information" should not be disclosed to an inmate during the discovery period when such information may be relevant. (Docket # 52). Even so, the relevance, if any, of Defendant Thomas' financial records is outweighed by the burden of producing the personal financial records due to inmate-guard relationship between Plaintiff and Defendant Thomas. Federal courts have expressed concern over providing a guard's personal records to an inmate. *See Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122, 129 (N.D.N.Y. 1984) (concerns over safeguarding prison security and the personal safety and privacy interests); *see also Woodward v. Ali*, No. 9:13-CV-1304 (LEK/DJS), 2018 WL 1037003, at *2 (N.D.N.Y. Jan. 25, 2018), *adopted by*, 2018 WL 1027433 (N.D.N.Y. Feb. 21, 2018). As *Rebideau* described it, "a tense relationship often exists between inmates and correction officers. Internal security of a maximum security prison is paramount and great care is necessary so as not to endanger the welfare of the correction officers or their families." *Rebideau*, 102 F.R.D. at 129. In cases where confidential or highly sensitive information is found to be discoverable by inmates, courts have noted that, to insure protection of the interests of the defendant officers, the information is to be exchanged to the inmates' attorneys and to only be discussed with the inmates to the extent necessary for the conduct of the action and development of the issues. *Id*.; *Smith v. Goord*, 222 F.R.D. 238, 242 (N.D.N.Y. 2004); *Boyd v. Gullett*, 64 F.R.D. 169, 178 (D.C.Md.1974). In this case, only limited procedural protections can

be implemented in order to insure the protection of Defendant Thomas' interests. Therefore, Plaintiff's request to compel a response to Interrogatory Nos. 2, 5, and 10 are DENIED.

**Interrogatory No. 3**

Interrogatory No. 3 requests proof of Defendant Thomas' Kentucky concealed weapons permit for 2015-2016. (Docket # 52-1). Defendant Thomas objected to the interrogatory as not relevant or reasonably calculated to lead to the discovery of admissible evidence. (*Id*.). Plaintiff argues that this request is relevant to his claim that Defendant Thomas pointed a gun to his head. Plaintiff emphasizes that the Fulton County Jail does not provide any weapons to its staff.

Defendant Thomas argues that even if he had a concealed weapon permit for 2015-2016, KRS 237.110(16)(b) prohibits carrying a concealed firearm into "any detention facility, prison, or jail." Moreover, under KRS 527.020(6)(a) and (b), elected sheriffs, jailers, and other employees of corrections departments are prohibited from carrying a concealed deadly weapon in a detention facility or on the premises of a detention facility "without the permission of the warden, jailer, or other person in charge of the facility, or the permission of a person authorized by the warden, jailer, or other person in charge of the detention facility to give such permission." Therefore, Defendant Thomas asserts that Plaintiff should direct his question of whether Defendant Thomas was permitted to carry a concealed weapon into the Fulton County Detention Center to co-defendant Parnell. (Docket # 52).

In this case, Plaintiff has failed to show how Defendant Thomas' concealed weapons permit for 2015-2016 is relevant when the ultimate issue is whether Defendant Thomas carried a weapon into the detention facility and held it to Plaintiff's head. Under the statute, a concealed weapon permit would not necessarily give Defendant Thomas the authority to bring a concealed

weapon into the detention facility. Therefore, Plaintiff's request to compel a response to Interrogatory No. 3 is DENIED.

**Interrogatory No. 7**

Interrogatory No. 7 requests Defendant Thomas' criminal background records, which include any and all dismissed charges. (Docket # 52-1). Defendant Thomas objected to this request as not relevant or reasonably calculated to lead to the discovery of admissible evidence. (*Id*.). Plaintiff argues that these records are relevant and that Plaintiff reserves the right to show to the court Defendant Thomas' character and credibility. Defendant Thomas asserts that this request should be submitted to his former employer, Fulton County Detention Center, as it would have any background records concerning him.

Plaintiff's request that Defendant Thomas produce records, including any and all dismissed charges is in the Court's opinion, overbroad. *Hyatt v. Rock*, 2016 WL 6820378, at *7 (N.D.N.Y. Nov. 18, 2016). However, the Federal Rules of Evidence recognize that certain prior convictions "may potentially lead to the discovery of evidence admissible for impeachment purposes." *Shead v. Vang*, 2011 WL 1988457, at *2 (E.D.Cal.) (citing FED. R. EVID. 609). Therefore, Plaintiff's request to compel a response to Interrogatory No. 7 is GRANTED in part and DENIED in part. Defendant Thomas must state whether he has received a felony conviction or any misdemeanor conviction, not a juvenile adjudication, that involved dishonesty or a false statement within the last 10 years.

**Interrogatory No. 8**

Interrogatory No. 8 requests cell phone records from November 2015- July 2016 to include the name of carrier, make, and model of the phone. (Docket # 52-1). The request states that this is to insure that pictures taken of Plaintiff's rental property at 9900 Highway 60, Guston, Kentucky,

matches Defendant Thomas' cellphone. (*Id.*). Defendant Thomas objected to this request as not relevant or reasonably calculated to lead to the discovery of admissible evidence and stated that Defendant Thomas has no such documents. (*Id.*). Plaintiff argues that evidence is needed to prove Defendant Thomas went to Plaintiff's last known address with a "silent unseen partner" and took photographs of a well.

Relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). The proponent of a motion to compel discovery bears the initial burden of demonstrating relevance. *Hadfield v. Newpage Corp.*, No. 5:14-CV-00027-TBR-LLK, 2016 U.S. Dist. LEXIS 12744, at *9 (W.D. Ky. Feb. 3, 2016) (citing *United States ex rel. Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8, 2016 WL 74394, at *8 (D.D.C. 2016); *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309-10 (W.D. Tenn. 2008)).

Plaintiff has not met his burden of demonstrating that these phone records are relevant to the instant matter. The Amended Complaint does not include any allegations about photographs of Plaintiff's last known residence. Moreover, it is unclear to the Court how the assaults and threats that are alleged in the Amended Complaint are connected to these alleged photographs of Plaintiff's residence. Lastly, it is unclear how Defendant Thomas' phone records would authenticate or lead to the production of the alleged photographs. Therefore, Plaintiff's request to compel a response to Interrogatory No. 8 is DENIED.

**Conclusion**

Plaintiff's Motion to Compel is GRANTED in part and DENIED in part. (Docket # 47). Plaintiff's request to compel responses to Interrogatory Nos. 2, 3, 5, 8, and 10 is DENIED.

Plaintiff's request to compel a response to Interrogatory No. 7 is GRANTED in part and DENIED in part. Defendant Thomas must state whether he has received a felony conviction or any misdemeanor conviction, not a juvenile adjudication, that involved dishonesty or a false statement within the last 10 years.

IT IS SO ORDERED.

Lanny King, Magistrate Judge
United States District Court

November 30, 2018

c: Counsel

PRO SE, Michael Hunter
177971
LUTHER LUCKETT CORRECTIONAL COMPLEX
P. O. Box 6
LaGrange, KY 40031