UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-00032-TBR-LLK

MICHAEL HUNTER                                                                               PLAINTIFF

v.

RICKY PARNELL, et al.                                                                        DEFENDANTS

## OPINION AND ORDER

Senior Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for ruling on all discovery motions. [DN 28 at 141].

Plaintiff Michael Hunter filed a Motion to Compel, [DN 106], and a Motion for Leave to Serve 15 Additional Interrogatories on Each Defendant Pursuant to FRCP 26(b)(2). [DN 110-1]. Defendants objected to both claiming that, *inter alia*, Plaintiff has already served more than the allowed number of interrogatories. For the reasons set forth in more detail below, Plaintiff's Motion to Compel [DN 106] is **GRANTED** and Plaintiff's Motion for Leave to Serve 15 Additional Interrogatories on Each Defendant Pursuant to FRCP 26(b)(2) [DN 110-1] is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This matter stems from a series of incidents Plaintiff Michael Hunter allegedly endured while a prisoner in the Fulton County Jail.

I.      **The Allegations**

Plaintiff's Third Amended Complaint sets out that Plaintiff was incarcerated in the Fulton County Jail in Hickman, Kentucky, from November 2015 to July 2016. [DN 111 at 1143]. There, Defendant Ricky Parnell, the Fulton County Jailer, and Daniel Thomas, the Fulton County Deputy

Jailer, allegedly gave Plaintiff a cell phone and provided him with tobacco and other contraband to be distributed to other inmates. *Id*. at 1143-1144.

In February 2016, Plaintiff decided to end this relationship. [DN 111 at 1144]. At that point, Defendant Parnell threatened, via telephone, to kill Plaintiff, allegedly stating, "I'm gonna kill you and bury you in a sinkhole, make it appear as you escaped and nobody would ever find you.". *Id.* at 1144. In response, Plaintiff told Defendants Parnell and Thomas he had 3.2 million dollars on his property and arrangements were allegedly made for Defendants Parnell and Thomas to retrieve the money. *Id.* at 1144.

Plaintiff obtained a body camera from Defendant Thomas' office and recorded their interactions over the next four days. *Id.* at 1144. After, Plaintiff told Defendant Thomas of the recording. *Id.* at 1145. Defendant Thomas then called Plaintiff into his office and held a loaded gun to Plaintiff's head, threatening to kill Plaintiff and then himself. *Id.* at 1145. Plaintiff alleges that Defendant Parnell or Defendant Thomas then paid and/or rewarded other inmates to assault Plaintiff. *Id.* at 1145. These assaults continued until Plaintiff escaped from the Fulton County Jail, with the alleged assistance of other deputy jailers. *Id.* at 132.

As a result of these incidents, Plaintiff, proceeding *pro se*, brought this 42 U.S.C. § 1983 action against Ricky Parnell, Daniel Thomas, and the Fulton County Fiscal Court ("Fulton County"). Plaintiff's Third Amended Complaint claims his Eighth Amendment, Fourteenth Amendment, and Kentucky Constitution Section 17 rights were violated when the Defendants, *inter alia*, threatened to kill Plaintiff and/or conspired with others to physically assault him. [DN 1145-1148]. Plaintiff further alleges violations of KRS 71.020, KRS 71.040, KRS 71.060, and KRS 441.025, all statutes addressing a jailer or a fiscal court's jail-related responsibilities. *Id.* at 1148-1151. Finally, Plaintiff asserts claims for vicarious liability and respondeat superior against

Defendant Parnell and Fulton County for their failure to properly oversee the deputies at the Fulton County Jail. *Id.* at 1151-1152.

## II.     Discovery Conducted to Date

Since the filing of the initial Complaint on March 10, 2017, some discovery has been conducted by Plaintiff, including discovery requests sent to each party. From a review of the record, the Court has determined Plaintiff sent the following discovery requests:

### A.     *Plaintiff's Discovery Requests to Defendant Daniel Thomas*

On September 4, 2018, Plaintiff sent his first set of discovery requests, 22 in total, to Defendant Daniel Thomas. [DN 40 at 231-234]. While not labelled as either, these requests consisted of a mixture of requests for production, interrogatories, and requests that appeared to be a hybrid of the two. *Id.* At least nine of these requests, and up to twelve, seek information and can be properly described as interrogatories. *Id.* The remainder seek documents and are requests for production. *Id.*

On September 16, 2019, Plaintiff mailed 25 additional interrogatories to Defendant Daniel Thomas. [DN 42].

Plaintiff then served Defendant Thomas with Requests for Admission, dated December 7, 2018. [DN 71-2]. All thirteen of the discovery requests contained therein, as written, seek information; they do not ask Defendant to admit or deny a statement as one would find in a request for admission. *Id.* All thirteen of those discovery requests are, therefore, more appropriately labelled as interrogatories.

Finally, Plaintiff served an additional nineteen requests for admission upon Defendant Thomas on October 16, 2019, which ask Defendant Thomas to admit various statements and are properly labelled as requests for admission. [DN 110-1 at 1130-1133].

To date, Plaintiff has served Defendant Thomas with at least 47 interrogatories [DN 40, 42, and 71-2]. Prior to Plaintiff's pending Motion for Leave to File an Additional Fifteen Interrogatories on Each Party, at no point had Plaintiff asked this Court for leave to file any interrogatories above the twenty-five interrogatory limit.

**B. Plaintiff's Discovery Requests to Defendant Ricky Parnell**

The record as it pertains to Plaintiff's written discovery requests to Defendant Ricky Parnell is less clear. Plaintiff's discovery requests to Defendant Parnell were not filed in the record; however, Defendant Parnell's responses to those requests were. [DN 72, 73, and 74].[1]

Defendant Parnell filed his Answers to Plaintiff's Discovery Requests, of which at least nine, and up to ten, could be properly deemed as interrogatories, with the remainder being requests for production. [DN 74]. Defendant Parnell's Responses to Plaintiff's Supplemental Discovery Requests Nos. 17 – 25, [DN 72], show that those discovery requests consisted entirely of requests for production. Defendant Parnell then filed his Responses to Plaintiff's Second Supplemental Discovery Requests. [DN 73]. Of those requests, at least six, and up to seven, were interrogatories. *Id.*

Altogether, from the discovery requests this Court could determine Plaintiff sent to Defendant Parnell, at least fifteen, and at most seventeen, asked for information and were interrogatories. The remainder sought documents and are requests for production.

**C. Plaintiff's Discovery Requests to Defendant Fulton County Fiscal Court**

In a letter dated October 14, 2018, Plaintiff sent his first set of discovery requests to Defendant Fulton County. [DN 43, 245-249]. As with some of Plaintiff's other discovery

---

[1] It should be noted that, while helpful in this instance because no responding party sufficiently provided citations, examples, or exhibits to their respective responses arguing Plaintiff's additional proposed discovery requests were improper, Federal Rule of Civil Procedure 5(d)(1) prohibits the filing of written discovery requests and responses thereto until they are used in the proceeding or the Court orders filing.

requests, these were not labelled as requests for production or interrogatories and, instead, consisted of both types of discovery requests. From a brief review of these requests, six to seven of these requests should be labelled as interrogatories as they seek information.

On November 5, 2018, Plaintiff sent six requests for production to Defendant Fulton County. [DN 64]. Plaintiff sent on additional six requests for production on December 14, 2018. [DN 71-1]. Then, on February 7, 2019, Plaintiff sent two another two requests for production to Defendant Fulton County. [DN 83]. Most recently, Plaintiff served a single multi-part request for production to Defendant Fulton County on May 9, 2019. [DN 105].

From the discovery requests present in the record to date, Plaintiff has served Defendant Fulton County with six to seven interrogatories, with the seventh being unclear whether it is seeking documents, or merely information.

Following the written discovery conducted to date, Plaintiff now seeks to compel Defendant Thomas to respond to his Requests for Admission and for leave to file additional interrogatories against each party.

## ANALYSIS

Plaintiff has two discovery motions pending before the Court: (1) Plaintiff's Motion to Compel, [DN 106], which asks the Court to compel Defendant Thomas to respond to Plaintiff's Requests for Admission, [DN 71-2]; and (2) Plaintiff's Motion for Leave to Serve 15 Additional Interrogatories on Each Defendant. These have both been briefed and are ripe for ruling.

## I. Plaintiff's Motion to Compel Defendant Thomas

On August 22, 2019, Plaintiff filed a Motion to Compel, [DN 106], asking the Court to compel Defendant Thomas to respond to Plaintiff's Requests for Admission, [DN 71-2]. Defendant Thomas timely responded to Plaintiff's Motion to Compel, [DN 108], no reply was

filed, and the motion is ripe for a decision. For the reasons set out below, the Motion is GRANTED.

Plaintiff sent Defendant Thomas thirteen requests for admission dated December 7, 2018. [DN 71-2]. Defendant Thomas responded on January 7, 2019, objecting to all, except one, on the basis that Plaintiff had exceeded the number of interrogatories allowed. [DN 79-1]. No other objection to the Requests for Admission was raised. *Id.*

In his Motion, Plaintiff claims Defendant Thomas' objections to the Requests for Admission are improper. [DN 106]. Specifically, Plaintiff states, "[t]his Request for Admissions is just as the guidelines state and furthermore can not be misconstrued or seen as anything to involve Interrogatories." *Id.*

While both are written discovery requests, interrogatories and requests for admission are two very different tools in the discovery process. An interrogatory is "[a] written question…submitted to an opposing party in a lawsuit as part of discovery." *Interrogatory*, BLACK'S LAW DICTIONARY (9th ed. 2009). A request for admission is "…a party's factual statement served on another party who must admit, deny, or object to the substance of the statement." *Request for Admission*, *Interrogatory*, BLACK'S LAW DICTIONARY (9th ed. 2009).

Here, Plaintiff sent thirteen requests for admission [DN 71-2]. In each of the twelve requests to which Defendant Thomas objected, Plaintiff sought information; Plaintiff was not asking Defendant Thomas to admit or deny a statement. For example, Request for Admission No. 4 asked Defendant Thomas, "Are you currently involved in an investigation and/or civil claim, besides the case involving Plaintiff Hunter?" [DN 71-2 at 489]. Other than Request for Admission No. 1, all others in that set ask questions, they do not request that Defendant Thomas admit, deny,

or object to the substance of a *statement*. While Plaintiff may have labelled Requests nos. 2-13 as requests for admission, they are, in fact, interrogatories, and shall be deemed as such.

As set out above, Plaintiff had served at least 34, and up to 37[2], interrogatories to Defendant Thomas prior to serving Plaintiff's Requests for Admission that are the subject of this motion. Federal Rule of Civil Procedure 25(a)(1) provides that a party may serve no more than 25 interrogatories to another party unless stipulated to or ordered by the Court. Plaintiff has clearly violated that Rule; however, the Court is mindful that Plaintiff is a pro se litigant and of the leniency normally afforded to such litigants. Given this, the Court shall overrule Defendant Thomas' objections to Plaintiff's Requests for Admission. [DN 79-1].

Plaintiff asserted no other objections to Plaintiff's Requests for Admissions Nos. 2-13. Accordingly, any other objections to the Requests have been waived by Defendant Thomas' failure to timely assert them.[3]

As the Court has overruled Defendant Thomas' sole objections to Plaintiff's Requests for Admission Nos. 2-13, and Defendant Thomas has asserted no other objections to the Requests, this Court GRANTS Plaintiff's Motion to Compel Defendant Thomas to respond to his Requests for Admission. Defendant Thomas shall serve his responses to Plaintiff's Requests for Admission Nos. 2-13 within 14 days of the entry of this Order.

---

[2] From the wording of the discovery requests, it is unclear to the Court on three requests whether Plaintiff was seeking documents, information, or both.

[3] Federal Rule of Civil Procedure 33(b)(4) provides "[t]he ground for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived, unless the court, for good cause, excuses the failure."

## II. Plaintiff's Motion for Leave to Serve 15 Additional Interrogatories on Each Defendant.

Plaintiff filed a Motion for Leave to Serve 15 Additional Interrogatories on Each Defendant Pursuant to FRCP 26(b)(2), asking for leave to do so and asking that all Defendants be compelled to answer discovery requests to which they objected. [DN 110-1 at 1134 – 1141]. Both Defendant Thomas and Defendant Parnell filed responses objecting to the Motion. [DN 114 and DN 115]. Defendant Fulton County did not. No reply was filed by Plaintiff. Plaintiff's Motion for Leave is now ripe for a ruling.

Plaintiff's Motion for Leave seeks to serve 15 additional interrogatories on each defendant. [DN 110-1 at 1134-1141]. Plaintiff believes these additional interrogatories are needed to prove the truth of the matter asserted in his Complaint and that they could lead to additional evidence or witnesses. *Id.* at 1134. Attached to the Motion were Plaintiff's proposed discovery requests. These consist of eight interrogatories and three requests for production to Defendant Parnell, seven interrogatories and four requests for production to Defendant Fulton County, and eight interrogatories and four requests for production to Defendant Thomas. *Id.* at 1136-1141. Plaintiff has not identified the additional seven interrogatories to Defendant Parnell, eight interrogatories to Defendant Fulton County Fiscal Court, and seven interrogatories to Defendant Thomas that he intends to serve to make fifteen interrogatories to each.

Defendant Thomas objected to the Motion for Leave on the basis that Plaintiff has exceeded the number of allowed interrogatories and that Plaintiff has had ample time to conduct discovery. [DN 114]. Defendant Parnell objected on the basis that Plaintiff has exceeded the number of allowed interrogatories, that Defendant Parnell has already answered similar discovery requests, and that he is not in possession of the information and documents sought. [DN 115]. Notably, Defendant Parnell neither cites to nor attaches any previous discovery requests he views

as identical to those being asked of him in Plaintiff's proposed discovery requests. *Id.* Defendant Parnell also fails to provide any support for his contention that Plaintiff has exceeded the allowed number of interrogatories. From this Court's review of the record, it could find only seven interrogatories, at most, that Plaintiff had served on Defendant Parnell, which is well under the allowable number.

The Court is, again, mindful that Plaintiff is a pro se litigant and that leniency should be afforded to such a litigant. Given that, the Court will grant Plaintiff leave to serve the interrogatories attached to his motion; however, Plaintiff is not granted leave at this time to file any interrogatories beyond those so attached. Plaintiff may also serve the requests for production attached to his Motion, although leave is not required as there is no limit in the Federal Rules of Civil Procedure on the number of requests for production that may be served. Furthermore, the Court deems all three sets of discovery requests attached to Plaintiff's Motion for Leave as effectively served upon all necessary parties.

Finally, Plaintiff's Motion for Leave also requested the Court "…compel the defendants to answer the interrogatories propounded to them that were objected to." Plaintiff does not identify the discovery requests at issue, does not identify the objections, and does not state why those objections should be overruled. As this portion of the motion is vague and unsupported, the Court denies it at this time, without prejudice.

**IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Compel [DN 106] is GRANTED. Defendant's Requests for Admission Nos. 2-13, [DN 71-2], are hereby deemed interrogatories. Defendant Thomas's objections to Plaintiff's Interrogatories Nos. 2-13, are overruled. Defendant failed to assert any other objections to the Requests for Admission [DN 71-2] and is now compelled to

respond to said requests. Defendant shall answer these interrogatories no later than fourteen days following the entry of this Order.

2. Plaintiff's Motion for Leave to Serve 15 Additional Interrogatories on Each Defendant Pursuant to FRCP 26(b)(2), [DN 110-1], is GRANTED IN PART AND DENIED IN PART. Defendant is granted leave to serve the eight interrogatories to Defendant Ricky Parnell, [DN 110-1 at 1136], the seven interrogatories to Defendant Fulton County, [DN 110-1 at 1138], and the eight interrogatories to Defendant Daniel Thomas, [DN 110-1 at 1140], that Defendant attached to his Motion for Leave to Serve 15 Additional Interrogatories on Each Defendant Pursuant to FRCP 26(b)(2). [DN 110-1]. The Court deems these discovery requests as effectively served upon all necessary parties. Defendant is not granted leave to serve any additional interrogatories beyond what he is permitted by the Federal Rules of Civil Procedure at this time.

3. Should Plaintiff seek to serve additional interrogatories on any of the defendants beyond what he is permitted by the Federal Rules of Civil Procedure, Plaintiff must first file a motion for leave asking the Court permission to do so. The motion must discuss the number of additional interrogatories Plaintiff is proposing, the information he is seeking in those interrogatories, the relevance of that information to his claims, and how the proposed interrogatories differ from other discovery requests he has served to date.

4. Finally, Plaintiff's request in his Motion for Leave to Serve 15 Additional Interrogatories on Each Defendant Pursuant to FRCP 26(b)(2), [DN 110-1], to "compel the defendants to answer the interrogatories propounded to them that were objected to" is DENIED at this time, without prejudice.

**IT IS SO ORDERED.**

January 22, 2020

**Lanny King, Magistrate Judge**
**United States District Court**

C:      Pro Se Plaintiff

        Counsel of Record